UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| J.A., a minor, represented by his mother and next friend ANDREA DEAMS, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br>vs.<br><br>NINTENDO OF AMERICA, INC.<br><br>    Defendant. | Case No. 2:25-mc-00048-TL<br><br>**PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM THIRD PARTY NINTENDO OF AMERICA, INC.**<br><br>NOTE ON MOTION CALENDAR:<br>August 8, 2025 |

PLAINTIFF'S MOTION
TO COMPEL DISCOVERY FROM
THIRD PARTY NINTENDO OF AMERICA - 1
CASE NO.

Tousley Brain Stephens PLLC
1200 Fifth Ave, Ste 1700
Seattle, WA 98101
Tel.: (206) 682-5600

TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 3
II. FACTUAL AND PROCEDURAL BACKGROUND ......................................................... 3
   A. Factual Allegations ......................................................................................................... 3
III. LEGAL STANDARD .......................................................................................................... 7
IV. ARGUMENT ....................................................................................................................... 8
   A. The Information Sought in the Subpoenas Is Relevant to the Claims and Defenses in the Litigation ......................................................................................................................... 8
   B. Plaintiff Has Endeavored to Avoid Exposing Nintendo to Undue Burden or Expense ... 9
V. CONCLUSION .................................................................................................................... 9

PLAINTIFF'S MOTION TO COMPEL
DISCOVERY FROM THIRD PARTY
NINTENDO OF AMERICA - 2
CASE NO.

Tousley Brain Stephens PLLC
1200 Fifth Ave, Ste 1700
Seattle, WA 98101
Tel.: (206) 682-5600

## I. INTRODUCTION

This proceeding arises out of a consumer class action brought against 2K Games, Inc., and Take-Two Interactive Software, Inc. (collectively, "2K") in the U.S. District Court for the Northern District of California. *See J.A., a minor, represented by his mother and next friend Andrea Deams v. 2K Games, Inc., et al,* Case No. 3:23-cv-5961-JD ("*J.A. v. 2K Games*"). Plaintiff hereby moves pursuant to Federal Rule of Civil Procedure 37(a) to compel third party Nintendo of America, Inc. ("Nintendo") to provide documents in response to two subpoenas duces tecum issued in connection with that matter. The subpoenas were properly served and required compliance by June 14, 2024, and July 3, 2025, respectively. Despite Plaintiff's willingness to extend the deadline to respond and limit the requests to avoid a motion to compel responses, Nintendo refused to produce any records in response to the subpoenas. As such, Plaintiff seeks the Court's intervention in obtaining the necessary and relevant discovery sought by the subpoenas.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations

Defendant 2K Games, Inc. is a videogame publisher. The backbone of the company's profit model involves inducing users, including millions of minors, to exchange real money for "virtual currency," or "VC," to spend on player enhancements within its videogame environments. It eventually wipes out the balance of gamers' VC accounts, depriving them of its benefit, with no effective notice and no legitimate justification.

Plaintiff J.A., a minor represented by his mother and next friend Andrea Deams, filed a class action complaint on November 17, 2023 against 2K Games, Inc., and its parent company Take-Two Interactive Software, Inc., (collectively "2K") for wrongfully eliminating VC from his and other users' accounts. Plaintiff seeks class-wide damages, penalties, and injunctive relief under theories of conversion, civil theft, and unfair business practices.

Third-party Nintendo is the maker of the popular gaming console Switch and oversees its corresponding online platform, the Nintendo Network. Consoles such as Nintendo Switch, Sony PlayStation, and Microsoft Xbox (along with their respective online platforms) are the primary

PLAINTIFF'S MOTION TO COMPEL
DISCOVERY FROM THIRD PARTY
NINTENDO OF AMERICA - 3
CASE NO.

Tousley Brain Stephens PLLC
1200 Fifth Ave, Ste 1700
Seattle, WA 98101
Tel.: (206) 682-5600

mediums with which users play 2K games. Switch is one of the most popular gaming consoles among 2K players. Declaration of Julie C. Erickson ("Erickson Decl."), ¶ 3.

Plaintiff has learned through discovery that VC, which is at the heart of this lawsuit, is purchased by users directly through these gaming platforms, rather than from 2K itself. Erickson Decl., ¶ 5. The details of these VC purchases, including the general transaction data (i.e., game title, player ID, date, amount) and the payment method (i.e., credit card, debit card, redemption of a promotion, etc.), are highly relevant to Plaintiff's claims and 2K's defenses in this case. *Id.* at ¶ 4. Moreover, the ability to identify and, in the event of class certification or a class-wide resolution of the case, contact class members is relevant insofar as it relates to the ascertainability of the class and the practical needs of the case. *Id.* at ¶ 6. Finally, the identity of class members who are minors, or were minors when they purchased VC in 2K's videogames, is relevant to the application of 2K's terms of service under California law. *Id*. Recent discovery has revealed, however, that while 2K collects and maintains significant data about users' engagement with its games, it does not possess or have access to certain transaction data, gamer identity, or age of its gamers. *Id*. at ¶¶ 5 & 7. As a first party to the transactions and the point of sale, Nintendo (and the other gaming platforms) exclusively possesses the requested transaction data. *Id.* Plaintiff understands Nintendo also exclusively maintains information on whether its gamers play or played using child accounts. *Id*.

On May 24, 2024, Plaintiff served Nintendo with a subpoena duces tecum seeking "documents sufficient to show all transactions where [Nintendo] sold, issued, or otherwise provided virtual currency to [its] customers." Erickson Decl., ¶ 8, Ex. 1, Request No. 1.[1] On June 13, 2024, counsel for Nintendo emailed Plaintiff's counsel a letter acknowledging receipt of the subpoena and stating objections, including the objection that the subpoena "seeks documents or communications readily available from a party to the Litigation." *Id*. at. ¶ 9, Ex. 2. Nintendo also stated in this letter:

---

[1] The subpoena included three other requests, but Plaintiff seeks only to compel a response to Request Number 1.

| | |
|---|---|
| PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM THIRD PARTY NINTENDO OF AMERICA - 4 CASE NO. | Tousley Brain Stephens PLLC 1200 Fifth Ave, Ste 1700 Seattle, WA 98101 Tel.: (206) 682-5600 |

> There is a pending motion to dismiss the Litigation and an open question whether any discovery should occur during the pendency of that motion, Dkt. 34 at 6. Moreover, there is no court ordered protective order in this case. Until discovery is ordered to proceed and there is a protective order, NOA will not respond to this subpoena beyond this letter."

*Id*. In other words, it was *too soon* to respond to discovery.

At that stage in the case, Plaintiff did not yet know that Nintendo exclusively possessed this information and that 2K did not have access to it. Erickson Decl., ¶ 10. Plaintiff therefore did not seek judicial intervention at that time, as Plaintiff believed it was possible that all relevant data could be obtained through 2K directly. *Id.* Subsequently, Plaintiff learned that any payment for purchased VC is made by players directly to the gaming platforms; 2K does not receive payment for VC directly from players. *Id.* at ¶ 11.

By September 2024, 2K had responded to discovery from Plaintiff stating that it did not possess payments records regarding gamer transactions and that platforms, such as Nintendo, were in exclusive possession of such data. Erickson Decl., ¶ 11. On September 19, 2024, Plaintiff's counsel emailed counsel for Nintendo asking about its response to the subpoena and requesting a telephonic meet and confer. *Id*. at ¶ 11, Ex. 4. Plaintiff's counsel also informed counsel for Nintendo that the district court overseeing the litigation issued an order advising that "a pending motion to dismiss does not stay discovery" on June 27, 2024, and an order approving the parties' stipulated protective order on July 26, 2024. *Id.* at ¶ 10, Ex. 3; ¶ 11, Ex. 4. On October 10, 2024, counsel for Plaintiff met and conferred by phone with counsel for Nintendo. *Id*. at ¶ 12. On the call, counsel for Nintendo agreed to confer with its client regarding providing further responses to Request No. 1 from Plaintiff's May 2024 subpoena. *Id*. Months passed and Nintendo provided no further information or response.

On April 7, 2025, counsel for Plaintiff contacted counsel for Nintendo again asking for supplemental responses. Erickson Decl. ¶ 13, Ex 5. Counsel for Nintendo responded by stating the information Plaintiff sought was available from 2K. *Id*. at ¶ 14, Ex. 6. But 2K had confirmed in verified discovery responses it did not have the information Plaintiff requested from Nintendo. *Id.*

PLAINTIFF'S MOTION TO COMPEL
DISCOVERY FROM THIRD PARTY
NINTENDO OF AMERICA - 5
CASE NO.

Tousley Brain Stephens PLLC
1200 Fifth Ave, Ste 1700
Seattle, WA 98101
Tel.: (206) 682-5600

at ¶¶ 5 & 7. Plaintiff gave Nintendo a deadline of June 20, 2025, to comply. *Id*. at ¶ 15. Counsel for Nintendo claimed it could not respond because Nintendo personnel were on vacation, its offices were closed multiple days for a late June holiday, and Plaintiffs had ample time before discovery closed in the *J.A. v. 2K Games* case. *Id*. at ¶ 16, Ex. 7. Plaintiff agreed to further meet and confer efforts, which took place by phone on June 20, 2025. *Id*. at ¶ 17. During and after this call, Plaintiff offered to limit the scope of his discovery to only include California residents and offered to allow Nintendo to defer production until the time when and if the court certified a class in *J.A. v. 2K Games*. *Id*. at ¶ 17, Exs. 8 & 9. Nintendo refused all of Plaintiff's offers to compromise. *Id*. at ¶ 20, Ex. 12.

On June 23, 2025, Plaintiff served a follow up subpoena on Nintendo with two document requests seeking (1) "all documents sufficient to identify all customers in the United States who used or played VC games during the [relevant period]," and (2) "all documents sufficient to identify all customers in the United States who used or played VC games during the [relevant period] and were minors at any time during that period." Erickson Decl. ¶ 22, Ex. 14. Nintendo responded again with only objections. *Id*. at ¶ 23, Ex. 15. It now took the position that "to the extent Plaintiff needs the requested information, he should have sought it months ago rather than waiting until the eleventh hour." *Id*. In other words, it was *too late* to respond to discovery.

On July 3, 2025, over a year after Plaintiff served Nintendo with the first subpoena, counsel for Nintendo claimed, for the first time, that it did not have the transaction data Plaintiff sought. Erickson Decl. ¶ 18, Ex. 10. They claimed that transactions on the platform do not involve funds transfers from credit cards or bank cards, which Plaintiff's subpoena requested, but instead all passed through a "digital wallet." *Id*.

Plaintiff's counsel requested another meet and confer call, which took place on July 9, 2025. Erickson Decl., ¶ 19. On this call and after, Plaintiff's counsel informed Nintendo that its representation was inaccurate. *Id*. at ¶ 19, Ex. 11. Plaintiff had verified by using the Nintendo platform that gamers could purchase VC from Nintendo by directly transferring funds from a credit/bank card that is linked to a Nintendo account and was able to see that Nintendo maintains

PLAINTIFF'S MOTION TO COMPEL
DISCOVERY FROM THIRD PARTY
NINTENDO OF AMERICA - 6
CASE NO.

Tousley Brain Stephens PLLC
1200 Fifth Ave, Ste 1700
Seattle, WA 98101
Tel.: (206) 682-5600

records of the transactions and the payment type connected to the gamer's account. *Id*. Nintendo never responded. *Id*.

Also during the July 9, 2025 call, Plaintiff's counsel met and conferred with counsel for Nintendo regarding the June 2025 subpoena. Erickson Decl., ¶ 24. Plaintiff's counsel again offered to enter a stipulation that would defer Nintendo's obligation to respond to the subpoena until an order issued granting class certification. *Id*. at ¶ 24, Ex. 9; ¶ 26, Ex. 13. Only if a class was certified would Nintendo ever have an obligation to respond in any manner to the June 2025 subpoena. *Id*. Nintendo responded by saying the proposed stipulation was "unreasonable," and declined the offer without proposing or negotiating any alternative. *Id*. at ¶ 25, Ex. 12.

As of the time of this filing, Plaintiff's counsel has not received any responsive documents from Nintendo in response to either subpoena. Erickson Decl., ¶ 27.

### III. LEGAL STANDARD

Under Rule 45, a party serving a subpoena may move to compel compliance in the court for the district where compliance is required if the recipient objects or fails to comply. Fed. R. Civ. P. 45(d)(2)(B)(i). "The scope of discovery under Rule 45 is the same as under Rule 26(b)." *Grund & Mobil Verwaltungs AG v. Amazon.com, Inc.*, 2023 WL 5533575, at *4 (W.D. Wash. Aug. 28, 2023). Rule 26(b) permits discovery of information that is relevant to the claims or defenses in a litigation and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Where a party moving to compel responses to a subpoena meets its initial burden of showing its requests are relevant, the party seeking to deny discovery must then "carry a heavy burden of showing why discovery should be denied." *Sihler v. Microsoft Corp.*, 2024 WL 5186927, at *2 (W.D. Wash. Dec. 20, 2024), *reconsideration denied*, 2025 WL 104523 (W.D. Wash. Jan. 15, 2025).

The subpoena submitted by Plaintiff was properly served upon Nintendo pursuant to Rule 45 in the Western District of Washington. *See* Fed. R. Civ. P. 45; Erickson Decl., Ex. 1. Compliance is required in this Court because Nintendo is headquartered in Redmond, Washington, bringing it within the 100-mile radius as required by Rule 45(c). *See* Fed. R. Civ. P. 45(c); Erickson Decl., ¶ 2.

PLAINTIFF'S MOTION TO COMPEL
DISCOVERY FROM THIRD PARTY
NINTENDO OF AMERICA - 7
CASE NO.

Tousley Brain Stephens PLLC
1200 Fifth Ave, Ste 1700
Seattle, WA 98101
Tel.: (206) 682-5600

## IV.     ARGUMENT

In light of the relevance of the information sought in Plaintiff's subpoena and Nintendo's complete failure to provide any records in response thereto, the Court should issue an order compelling Nintendo's immediate compliance with Request Number 1 in the May 2024 subpoena and both requests in the June 2025 Subpoena.

### A.     The Information Sought in the Subpoenas Is Relevant to the Claims and Defenses in the Litigation

The information sought by Request Number 1 in Plaintiff's May 2024 subpoena to Nintendo (data regarding gamer transactions) is relevant to all of Plaintiff's claims and to whether those claims can be certified under Rule 23. Specifically, transaction data (i.e., game title, player ID, date, amount) is relevant to ascertaining the proposed class in accordance with Rule 23. The transaction data will fill in gaps in 2K's records that will allow for the identification of users who purchased VC through Nintendo and then later had that VC eliminated by 2K when it shut down the game's server. The payment method (i.e., credit card, debit card, redemption of a promotion, etc.—information 2K does not possess) is also relevant to Plaintiff's claims and, potentially, 2K's defenses. Under California law, contracts with minors are either voidable or void, depending on, among other things, whether the contract related to things in the minor's immediate possession or control.[2] Cal. Fam. Code §§ 6700, 6701, 6710. The manner of payment is highly relevant to determine the enforceability of 2K's terms of service with respect to minors, as minors cannot have immediate possession or control of certain types of funds, i.e. credit. *See, e.g., I.B. ex rel. Fife v. Facebook, Inc.*, 905 F. Supp. 2d 989, 1000 (N.D. Cal. 2012) (finding plausible plaintiff's claims that purchases made with his parents' credits cards constituted transactions involving things outside his immediate possession or control and were therefore void under Cal. Fam. Code § 6701). Accordingly, Nintendo's data for VC sales to its users is relevant to Plaintiff's claims and 2K's

---

[2] Notably, Plaintiff offered to limit this request to data pertaining to California residents only. Erickson Decl. ¶ 21, Ex. 13. Nintendo never responded to this proposal. *Id.*

| PLAINTIFF'S MOTION TO COMPEL | Tousley Brain Stephens PLLC |
| DISCOVERY FROM THIRD PARTY | 1200 Fifth Ave, Ste 1700 |
| NINTENDO OF AMERICA - 8 | Seattle, WA 98101 |
| CASE NO. | Tel.: (206) 682-5600 |

defenses. Request Number 1 of Plaintiff's May 2024 subpoena is therefore a valid exercise of Plaintiff's authority to conduct discovery under Rules 45 and 26.

The information sought by Plaintiff's June 2025 subpoena (data regarding gamers' identities and indicating which gamers are minors) is also highly relevant. The data identifying gamers would allow Plaintiff to ascertain class members and contact them in the event Plaintiff certified a class or reached a settlement. "Courts routinely allow the collection of this kind of information in putative class actions." *DeVivo v. Sovereign Lending Grp. Inc.*, 2022 WL 17547270, at *2 (W.D. Wash. Dec. 9, 2022) (ruling putative class member contact information "is relevant and generally proportional to the needs of the case under the Rule 26(b) standard"). Identifying which putative class members are minors is also relevant. As stated above, minors are permitted specific rights with respect to contracts under California law. Furthermore, 2K's terms of service specify that they do not apply to minors, rendering them inapplicable to minors throughout the U.S. and unusable to support 2K's contract defenses, such as an enforceable arbitration provision or waivers of certain claims.

### B. Plaintiff Has Endeavored to Avoid Exposing Nintendo to Undue Burden or Expense

A party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Sihler*, 2024 WL 5186927, at *2. Here, Plaintiff made multiple offers to Nintendo to limit the cost or burden of complying with his subpoenas, but Nintendo ignored these efforts. For example, Plaintiff offered to stipulate that Nintendo would have no obligation to respond to either subpoena until after the court certified his case as a class action (if at all). Plaintiff further offered to limit the scope of his requests in terms of the type and quantity of data to be produced. Nintendo refused these proposals outright and made no effort whatsoever to reach a compromise.

### V. CONCLUSION

The Court should compel Nintendo to produce documents responsive to the subpoena.

PLAINTIFF'S MOTION TO COMPEL
DISCOVERY FROM THIRD PARTY
NINTENDO OF AMERICA - 9
CASE NO.

Tousley Brain Stephens PLLC
1200 Fifth Ave, Ste 1700
Seattle, WA 98101
Tel.: (206) 682-5600

Dated: July 18, 2025

**TOUSLEY BRAIN STEPHENS PLLC**

*/s/ Kim D. Stephens, P.S.*
Kim D. Stephens, P.S.
kstephens@tousley.com
1200 Fifth Ave, Ste 1700
Seattle, WA 98101
Tel.: (206) 682-5600
Fax: (206) 682-2992

**ERICKSON KRAMER OSBORNE LLP**
Kevin Osborne, *pro hac vice pending*
kevin@eko.law
Julie Erickson, *pro hac vice pending*
julie@eko.law
44 Tehama Street
San Francisco, CA 94105
Tel: 415-635-0631
Fax: 415-599-8088

*Counsel for Plaintiff and the Proposed Class*

PLAINTIFF'S MOTION TO COMPEL
DISCOVERY FROM THIRD PARTY
NINTENDO OF AMERICA - 10
CASE NO.

Tousley Brain Stephens PLLC
1200 Fifth Ave, Ste 1700
Seattle, WA 98101
Tel.: (206) 682-5600

# CERTIFICATE OF SERVICE

I, Linda E. Oxford declare:

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Erickson Kramer Osborne LLP, 44 Tehama St., San Francisco, CA 94105.

On July 18, 2025 I served a copy of the following documents:

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM THIRD PARTY NINTENDO OF AMERICA, INC.**

☒   by Certified United States Mail to the person(s) at the address set forth below.

> Nintendo of America, Inc.
> c/o Legal Department, Intellectual Property Policy
> 4600 150th Ave NE
> Redmond, WA 98052

☒   by transmitting via e-mail the documents to the person(s) at the e-mail addresses set forth below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

> Becca Wahlquist
> BWahlquist@kelleydrye.com
> KELLEY DRYE & WARREN LLP
> 350 South Grand Avenue, Suite 3800
> Los Angeles, CA 90071
>
> Michael C. Lynch
> MLynch@kelleydrye.com
> James B. Saylor
> JSaylor@kelleydrye.com
> KELLEY DRYE & WARREN LLP
> 3 World Trade Center
> 175 Greenwich Street
> New York, NY 10007

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

| | |
|---|---|
| PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM THIRD PARTY NINTENDO OF AMERICA - 11 CASE NO. | Tousley Brain Stephens PLLC 1200 Fifth Ave, Ste 1700 Seattle, WA 98101 Tel.: (206) 682-5600 |

1 | Executed on July 18, 2025, at Walnut Creek, California.

*/s/ Linda E. Oxford*
Linda E. Oxford

PLAINTIFF'S MOTION TO COMPEL
DISCOVERY FROM THIRD PARTY
NINTENDO OF AMERICA - 12
CASE NO.

Tousley Brain Stephens PLLC
1200 Fifth Ave, Ste 1700
Seattle, WA 98101
Tel.: (206) 682-5600